IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LUPOLOVER, individually and on behalf of all others similarly situated, | ) <br> ) Case No.: <br> ) |
| Plaintiff, | ) <br> ) COMPLAINT |
| v. | ) <br> ) |
| DOCU ZOOM, INC., JOHN & JANE DOES 1-10, and ABC CORPORATIONS 1-10, | ) <br> ) <br> ) |
| Defendant. | ) |

Plaintiff, MARK LUPOLOVER, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against Defendant DOCU ZOOM, INC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), which regulates the use of certain telephone dialing systems, brought by Mark Lupolover, in his own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff Mark Lupolover is a natural person who resides at 248 Navesink Ct., Holmdel, New Jersey 07733.

5.     Defendant DocuZoom, Inc. is incorporated with their principal office address at 101 Convention Center Dr., Suite 360, Las Vegas, Nevada 89109. Defendant does business throughout the United States, including in the State of New Jersey.

6.     Defendants, John & Jane Does 1-10, are as of yet unidentified, potential individual wrongdoers whose addresses are unknown and whose acts are indeterminable at this time.

7.     Defendants, ABC Corporations 1-10, are as of yet unidentified, potential wrongdoers whose addresses are unknown and whose acts are indeterminable at this time.

## CLASS ACTION ALLEGATIONS

8.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar communications, i.e. unsolicited advertising telephone calls utilizing an automatic telephone dialing system ("ATDS") and/or prerecorded messages, from Defendant which, as alleged herein, is in violation of the TCPA, and who reside in the State of New Jersey as of four years from the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, thousands of persons have received these unsolicited communications from Defendants, which violate various provisions of the TCPA.

9.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.    The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the TCPA.

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, due to the potential voluminous size of the Class.

14. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL STATEMENT**

20.     On August 17, 2017 at 2:34 pm, Plaintiff received an incoming telephone call from (424) 644-6437.

21.     Plaintiff picked up the call and was met with a pre-recorded voice advertising services relating to student loans.

22.     After being transferred to a representative, Plaintiff was inquired as to who was calling and was informed by Defendant's representative that the phone call was from Defendant.

23.     Plaintiff then told Defendant's representative that he did not want to receive any more telephone calls from Defendant.

24.     On August 23, 2017 at 12:59 pm, Plaintiff received a second incoming telephone call from Defendant from the phone number (702) 727-8216.

25.     Once again, when Plaintiff picked up the call, Plaintiff was greeted with a pre-recorded voice advertising services relating to student loans on behalf of Defendant.

26. Each of the telephone calls made by Defendant to Plaintiff utilized a pre-recorded message.

27. Each of the telephone calls made by Defendant to Plaintiff utilized an ATDS.

28. At no time has Plaintiff provided consent to Defendant to receive telephone calls placed with the use of an ATDS or an artificial or prerecorded voice.

29. Plaintiff has never done any business with Defendant and thus has no established business relationship with Defendant.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class on their cellular telephones in an effort to sell its products and services.

32. Defendant made the telephone calls using an automatic telephone dialing system and/or the use of a prerecorded message.

33. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

34. Defendant failed to obtain any prior express written consent from Plaintiff and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
> The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

5

35. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones using an automated telephone dialing system, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent as required.

36. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), and are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

37. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## JURY TRIAL DEMAND

38. Plaintiff demands a trial by jury on all issues which may be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Lupolover, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Mark Lupolover as the representative of the Class, and appointing his counsel as Class Counsel;

B. An award of five hundred dollars ($500.00), or fifteen hundred dollars ($1,500.00) if found to be willful, for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.   An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

E.   An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

F.   An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

G.   An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

H.   An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

I.   An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

J.   Such other and further relief that the Court deems reasonable and just.

Dated this 21st Day of November, 2017

Respectfully Submitted,

s/ Matthew T. Sheffield Esq.
Matthew T. Sheffield Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Facsimile: 201-608-7116
Email: ms@lupoloverlaw.com

David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Facsimile: 201-608-7116
Email: dpf@lupoloverlaw.com

Attorneys for Plaintiff Mark Lupolover